*EXHIBIT "A"*

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL THE ISSUES INVOLVED HEREIN. [THIS IS AN] ARBITRATION CASE. AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED. [You are] HEREBY NOTIFIED TO FILE A WRITTEN [response] TO THE ENCLOSED COMPLAINT [within twenty] (20) DAYS FROM SERVICE HEREOF [or a judgment] MAY BE ENTERED AGAINST YOU.

BY: _____
ANDREW M. SMITH, Esquire

SMITH MARCINO & BOWMAN
BY: Andrew M. Smith, Esquire
Attny ID: 78062
208 N. Easton Road
Willow Grove, PA 19090
(215) 784-1777
Asmith@SMBlawyers.com
COUNSEL FOR PLAINTIFFS

| | |
|---|---|
| ENRICO DISANDRO ; JOSEPH EGAN; RANDY HUDSON; and WALTER KANAUSS<br>                Plaintiffs,<br>v.<br>RICHARD W. HOY ASSOCIATES; DAVID K LEHMAN, ESQUIRE; and DAVID K LEHMAN & ASSOCIATES<br>                Defendants | COMMONWEALTH OF PENNSYLVANIA IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY<br><br>Term:        No:<br><br>E Filings: |

## PLAINTIFFS' COMPLAINT

AND NOW, the above named Plaintiffs, by and through their undersigned counsel, initiate this complaint against the Defendants and aver as follows:

### THE PARTIES TO THIS ACTION

1. Plaintiff, ENRICO DISANDRO is an individual residing at 2165 Country Club Drive, Huntington Valley, Pennsylvania, 19006.

2. Plaintiff JOSEPH EGAN is an individual residing at 12 Overbrook Court, Moorestown, New Jersey, 08057.

3. Plaintiff RANDY HUDSON is an individual residing at 101 Travelers Court, Wilmington, North Carolina, 28412.

Case ID: 110301034

4. Plaintiff WALTER KANAUSS is an individual residing at 29 Fairview Avenue, Sewell, New Jersey, 08080.

5. Defendant RICHARD W. HOY ASSOCIATES, PC (hereinafter "HOY") is upon information and belief a duly licensed professional corporation operating as a law firm with offices located at 1518 Walnut Street, Suite 1600, Philadelphia, Pennsylvania, 19102. Defendant HOY has at all times material hereto, acted alone or in concert with other Defendants, advertised, marketed, solicited and sold its loan program to investors, other clients and consumers like Plaintiffs herein.

6. Defendant, DAVID K. LEHMAN, ESQUIRE, (hereinafter "LEHMAN") is an individual and licensed attorney residing at 780 Falcon Circle, Warminster, Pennsylvania, 18974 and he is and/or was an owner, shareholder, partner, associate, attorney, member, manager, officer, counselor and/or director of Defendant HOY and he, in concert with other Defendants formulated, directed, controlled, authorized, participated, marketed, solicited and orchestrated Defendants' short term loan program.

7. Defendant DAVID K. LEHMAN & ASSOCIATES, is upon information and belief a duly licensed business operating as a law firm with its office located at 780 Falcon Circle, Warminster, Pennsylvania 18974.

## JURISDICTION AND VENUE

8. Venue in this Court is proper in that Defendants transact business within Philadelphia County, operate a law firm in Philadelphia County and practice law in Philadelphia County. Furthermore, the unlawful, improper, negligent, careless and/or reckless acts, practices, transactions and omissions of Defendants were committed by, and/or upon the direction, and with the knowledge of Defendant's attorneys, associates, employees, servants, agents, and/or independent contractors within the Commonwealth of Pennsylvania and in the County of Philadelphia.

Case ID: 110301034

## INTRODUCTION

9. Defendants Richard Hoy Associates, PC, David Lehman and/or David K Lehman Associates, in concert with their respective Companies, by and through their own actions and/or the actions of their attorneys, paralegals, employees, servants, workmen, independent contractors and possibly their law firm clients, solicited the Plaintiffs and possibly others to participate in a short-term loan program through which Plaintiffs would lend money to the Defendants' law firm clients (hereinafter "borrowers"), who needed short term capital and in return the Defendants would protect Plaintiffs' interests through Notes, Mortgages and other written documents.

10. All financial matters for this "program" including setting the terms and conditions of the loan, drafting all loan documents, setting repayment schedules, and collecting the initial principal loan amount was handled by Defendants for their clients/borrowers and the Plaintiff/lenders. The processing of Plaintiffs' investments, payment of said funds to Defendants' clients, and the recovery of principle and interest were handled by Defendants some or all of which went through Defendants' attorney trust account.

11. Defendants acted as the attorneys, broker, agent, lender/mortgage service provider and closing agent on each transaction and did in fact take fees for their alleged services.

12. Defendants controlled all aspects of the transaction from drafting agreements, investigating credit worthiness, background searches, completing and submitting loan and credit documentation, performing appraisals or asset analysis, drafting repayment agreements, procuring any necessary insurance or supporting documents and handling closing of the loans. Defendants even drafted, default letters, collection documents and lawsuits on Plaintiffs' behalf against Defendants' own clients.

Case ID: 110301034

13  This action arises out of a pattern of predatory, unfair, improper, fraudulent and unscrupulous practice through which Defendants used Plaintiffs to loan their otherwise uncreditworthy clients' money so Defendants' clients could conduct business and Defendants could reap financial gain and other services from their clients.

14  Defendants mislead, deceived, defrauded and misrepresented its loan program to Plaintiffs to induce Plaintiffs to participate in the program to loan Defendants clients money.

15.  Defendants falsified, misrepresented, altered, manipulated, and/or forged its clients' personal information, financials and assets on credit and/or loan applications and closing documents to make them appear more credit-worthy and to induce Plaintiffs to loan them money. Defendants conspired amongst themselves and with others to "rubber stamp" and process said documentation and closing paperwork in exchange for kickbacks and/or other fees and/or to bill for legal services.

### FACTS PERTINENT TO ALL COUNTS OF THE COMPLAINT

16.  At all times material hereto, Defendant LEHMAN was a licensed attorney who was employed as an associate, partner, member, shareholder, director, employee, servant, workman and/or counselor-at-law of Defendant HOY and he acted within the scope of his employment and under the direction, supervision and control of Defendant HOY.

17.  At all times material hereto, Defendants Richard Hoy Associates and David Lehman & Associates, are duly licensed and registered law firms in the Commonwealth of Pennsylvania and are obligated to maintain and register certain attorney trust accounts (IOLTA).

18.  Upon information and belief, and at all times relevant to this Complaint, any and all contact and communication with Defendant HOY's law firm clients

("borrowers") was done through employees, servants, workmen, agents and independent contractors of Defendant HOY.

19. Defendants, through this "loan program," solicited investment from its law firm clients having good credit and financial stability (Plaintiff's herein) to loan Defendant HOY's financially unstable and uncreditworthy law firm clients ("borrowers") money so the borrowers could use said funds to enter into subsequent legal or financial transactions handled by Defendants.

20. Plaintiffs herein were all targeted by Defendants as "investors" and each Plaintiff became a lender through Defendants' program, acts and practices.

21. Defendants made affirmative representations to Plaintiffs that through the program, Defendants would protect Plaintiffs' investment, draft and record all necessary legal documents, insure timely repayment and if necessary collect the remaining principle and interest in the unlikely event of default by Defendants' clients.

22. Plaintiffs were targeted by Defendants based on their attorney/client relationship and/or friendship with HOY and LEHMAN and Defendants lured Plaintiffs to the program by promising the following:

a. all funds would be deposited into HOY's attorney trust account;
b. all loans would be secured and guaranteed by loan documents, notes and/or mortgages;
c. HOY's borrowing clients were financial secure, creditworthy and had adequate means of repayment;
d. HOY and/or LEHMAN would collect the money from their borrowers;
e. HOY and LEHMAN would sue any defaulting borrower and make sure the Plaintiffs were paid back;
f. HOY and LEHMAN would draft iron-glad contracts/agreements so that the Plaintiff had no risk at all of losing their investment;
g. all Agreements were in writing, legally binding and would limit Plaintiffs' participation and exposure under the program;
h. the loaning of money from one client to another client was completely legal, ethical and a sound business decision;
i. There would be no adverse affect to Plaintiffs' credit reports or credit ratings

Case ID: 110301034

23. Defendants held meetings, had telephone calls and conferences and discussed this allegedly safe, legal, ethical and secure investment opportunity with each Plaintiff.

24. Defendants presented the Plaintiffs with loan agreements, Notes, mortgages and other closing documents which would be executed by the borrowers. And Defendants used these documents to further lull Plaintiffs into a mistaken belief that the program was legal and ethical and their investment and credit was safe and sound under the program.

25. All of the financial transactions relevant hereto were orchestrated, created, controlled, monitored, managed, recorded and/or submitted by Defendants', individually, jointly, collectively, in concert and/or severally acting as bankers, lawyers, brokers, agents, lenders, loan modifiers, credit counselors, loan servicers, loan assignees, closing agents and/or collection agents.

26. Defendants individually, jointly, collectively, in concert and severally facilitated, procured, provided, serviced and/or maintained this investment/loan program through which personal/business loans were issued to Defendants' borrowers by Defendants' other clients, Plaintiffs herein, for business or personal financial transactions that Defendants' borrowers were in distress, default, collections or unable to afford.

27. Defendants facilitated the completion or commencement of these financial transactions for their borrowers, by securing personal loans from the Plaintiffs which funds the Defendants then retained in their attorney escrow accounts and distributed to their borrowers for their own pecuniary gain and financial benefit in charging administrative and processing fees, legal fees and performing subsequent services for which Defendants charged their clients.

28. Upon information and belief, Defendants extracted unconscionable and illegal administrative fees, bank charges, interest, commissions and/or legal fees from

each of these transactions, using Plaintiffs' loan proceeds for their pecuniary and financial gain.

29. Defendants clients/borrowers have routinely defaulted on the loan obligations and defendants have initiated collections proceedings and lawsuits on Plaintiffs behalf which have not resulted in repayment or collection of loan proceeds but rather in hollow judgments which are uncollectible and which Defendants refuse to collect or execute upon.

30. Plaintiffs have been and continue to suffer significant financial losses, damage to their credit and other financial injuries as a result of Defendants' scheme.

31. Upon information and belief Defendants have used aggregate loan funds from Plaintiffs to repay and/or make payments on select Plaintiff's loans to give the false impression to certain Plaintiffs that Defendants' borrowers were financially stable and had made timely payments.

32. Defendants took earmarked loan funds from one transaction to pay off balances and monies due in other prior loan transactions, in a ponzi/pyramid like scheme, to buy Defendants more time before their actions would come under scrutiny.

31. Defendants have commingled Plaintiffs funds in Defendants' attorney trust account in unlawful, unethical, improper and illegal business practices.

32. Defendants misrepresented and inflated their client's monthly income, asset information and financial stability without Plaintiffs' knowledge or consent to induce Plaintiffs to make these loans.

33.. Defendants have directed their racketeering, marketing, sales and lending activities at law firm clients believing Plaintiffs to be most susceptible and vulnerable to accepting Defendants' representations that the loan program was a legal, ethical and valid program, backed by the security of the law firm, their relationship with their clients/borrowers and the documents the Firm/attorneys would draft to protect Plaintiffs.

Case ID: 110301034

34. Defendants made little or no efforts to ascertain the financial capabilities of their clients/borrowers to repay the new loans and in fact, knew the contrary that their clients were in financial straights and could not obtain financing or funds through conventional methods.

35. Defendants filled out false, misleading and/or fraudulent paperwork in borrowers' and Plaintiffs' names, changed loan terms, misrepresented income or loan amounts, changed and manipulated loan documents after Plaintiffs' signed them and forged Plaintiffs' and borrower's signatures on certain documents.

36. Defendants failed and/or refused to explain to Plaintiffs the real terms and conditions of the loan program, fees, penalties, default clauses, terms, legal services, legal fees, fiduciary responsibilities, ethical considerations and default provisions.

37. Defendants never explained or reviewed the transaction paperwork or loan documentation with Plaintiffs but instead, placed stacks of documents in front of Plaintiffs, pressured and hurried Plaintiffs to sign them and then simply advised Plaintiffs they would hold all the paperwork to protect everyone's interests.

38. Slowly Defendants' clients/borrowers began to default on each loan transaction causing financial harm to Plaintiffs.

39. Plaintiffs consistently demanded copies of all documentation from the transactions without response from Defendants.

40. Defendants knew that its client borrowers had neither the cash nor assets to fully repay the Plaintiffs the principle and interest due on the loans.

41. Defendants knew or should have known that its client borrowers" monthly income/cash flow was insufficient to take on new debt or participate in Defendants' loan program and by and through Defendants' improper, unethical, negligent and/or fraudulent conduct, Plaintiffs now hold notes that they cannot collect upon.

Case ID: 110301034

42. Defendants specialize in the law and perform business and other legal lending transactions and in doing so they are fully familiar and experienced in:

- Determining creditworthiness
- Investigating and evaluating financial transactions
- Knowing the Rules of Professional responsibility
- Drafting loan documents and Promissory Notes
- Litigating collection proceedings
- Protecting assets through secured transactions
- Fiduciary responsibilities
- Attorney trust accounts and commingling funds

## COUNT I
## VIOLATIONS OF RICO

43. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

44. Defendants have violated the Racketeer Influenced and Corrupt Organization Act, as codified in 18 USC§1962 et seq, in that Defendants conducted or participated, directly or indirectly, in the conduct of the enterprises' affairs through a pattern of racketeering activity, exercised significant control over and within the enterprise, and/or participated in the conduct of the enterprises' affairs resulting in injury to the Plaintiffs.

45. Defendants and Plaintiffs are "persons" as defined in 18 USC§1961(3).

46. Defendants, along with others, willfully combined, conspired and agreed to for, an association in fact which constitutes an "enterprise" as defines by 18 USC§1691(4) and said enterprise was and is engaged in , and its activities affect, interstate commerce.

47. Defendants knowingly devised and participated in a scheme whereby Defendants (1) deceived Plaintiffs about the terms, conditions and legality of the loan program; (2) charged dramatically high and/or excessive fees, rates and points; (3) misrepresented credit worthiness; (4) over-inflated assets; (5) inflated income figures; (6) deceived Plaintiffs about loan terms and conditions; (7) knowingly created and/or altered credit applications and loan applications to contain false and misleading information; (8) knowingly secured loans the principal balance of which far exceeded borrower's ability to repay; (9) knowingly secured loans that Defendant's clients qualified for or had the ability to repay; (10) solicited loans in order to obtain funding so Defendants could extract legal and other fees for their own pecuniary gain.

48. Defendants conspiracy and participation in securing loans for their "law firm clients" which had the effect of luring Plaintiffs into a false sense of security on their credit worthiness, their ability to repay and the overall risk of each loan.

49. Defendants devised and participated in this scheme with the intent to defraud Plaintiffs and the borrowers, enhance their own income and defraud subsequent investors and/or borrowers.

50. To implement the loan scheme, Defendants committed and/or caused a pattern of acts by way of, inter alia, making intentional misrepresentations, altering documents, confusing Plaintiffs, knowingly providing loans with harsh or arbitrary terms designed to lead to early default and obtaining excessive fees and converting escrow funds.

51. Defendants engaged in a pattern of racketeering activity by committing a pattern or acts of wire fraud, in violation of 18 USC§1341 in the use of telephone for advancing, furthering or carrying out the scheme to defraud Plaintiffs and the borrowers. Phone calls to Plaintiffs and wire transfers were essential elements, or incident to

essential elements of the unlawful racketeering scheme and these acts had the same or similar purpose, results, participants and scheme and were not isolated events.

52. Defendants concealed the pattern of racketeering from Plaintiffs through their acts and omissions and the acts and omissions of their employees, servants, agents and independent contractors.

53. There is a real and definite threat that this pattern of activity will continue in the future unless Defendants are enjoined by this Court, because numerous predicate acts continue to occur. Further, Plaintiffs may not be the first victims of Defendants' pattern of racketeering activity and this conduct is injurious to any and all people who are clients of the Firm and possible borrowers under one of the Enterprise loan schemes.

54. As a direct and proximate result of the acts alleged herein, Plaintiffs have suffered substantial economic injury and injury to their property.

WHEREFORE, Plaintiffs hereby demand judgment for compensatory and punitive damages against Defendants David Lehman, Esquire, Richard Hoy and Associates, LLP and/or David Lehman & Associates individually, jointly, severally or in the alternative, together with legal fees, litigation costs and interest in an amount in excess of $50,000.

## COUNT II
## FRAUD

55. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

56. Plaintiffs were fraudulently induced into entering into the loan program, lease option agreements, loan agreements and related financial transactions orchestrated by and entered into with Defendants.

57. Defendants made numerous false and misleading representations to Plaintiffs as described in greater detail above including representations that Defendants

Case ID: 110301034

would perform future acts that Defendants had no intention of performing, escrowing funds that Defendant had no intention of escrowing and concealing facts from Plaintiffs with the intent to deceive them.

58. Defendants' representations created a duty to disclose facts material to the loan transactions as they deliberately represented that the program was safe, secure, valid and legal, without any risk and would result in the eventual repayment and principal plus interest.

59. Defendants' false representations and concealments were material to all aspects of the loan transactions including all financing.

60. Defendants knew at the time of the making of the representations that they were false.

61. Defendants through their false representations and knowing concealments intended to induce Plaintiffs to enter into the loan program and to supply loan financing to Defendant's clients.

62. Plaintiffs relied on the Defendants misrepresentations and concealments in entering into these financial transactions.

63. As a direct and foreseeable consequence of entering into these financial transactions Plaintiffs have suffered economic, consequential and emotional injuries.

WHEREFORE, Plaintiffs hereby demand judgment for compensatory and punitive damages against Defendants David Lehman, Esquire, Richard Hoy and Associates, LLP and/or David Lehman & Associates individually, jointly, severally or in the alternative, together with legal fees, litigation costs and interest in an amount in excess of $50,000.

Case ID: 110301034

## COUNT III
### (Legal Malpractice)

64. Plaintiffs hereby reassert and incorporate by reference all the allegations asserted in the foregoing paragraphs as if fully set forth at length herein.

65. Plaintiffs engaged Defendant attorneys aid, advise, counsel and represent them in certain financial transactions namely loans from Plaintiffs to Defendant's other clients.

66. Plaintiffs were represented by Defendants David Lehman, Esquire and the law firm of Richard Hoy and Associates.

67. At all times relevant hereto, Defendant Lehman was a licensed and practicing attorney in the Commonwealth of Pennsylvania and was employed by the law firm of Richard Hoy and Associates.

68. At all times relevant hereto Defendant Hoy was a law firm based out of Philadelphia who maintained offices in the Commonwealth and held themselves out to members of the public as having expertise in the areas of business and contract law.

69. At all times relevant hereto, Defendants Lehman and Hoy held themselves out to Plaintiffs as having expertise in business and contract law and represented that they were qualified to handle commercial business transactions, more specifically setting up loan transactions.

70. Plaintiffs entered into loan agreements and financial transactions, which were handled by Defendant attorneys. At that time and continuing thereafter Plaintiffs sought and Defendant attorneys provided certain counsel, advice, expertise and experience in the drafting, review and interpretation of the loan documents as well as the drafting legal pleadings to help collect on defaulting loans.

71. At all times during their representation of Plaintiffs, Defendant attorneys owed a duty to Plaintiffs to review the business/loan transaction, to counsel Plaintiffs on

Case ID: 110301034

the terms and conditions of the loan, to advise Plaintiffs of their rights and interests involved in the transaction and to draft the appropriate documentation to effectuate the loan transaction and the protect Plaintiffs based on their understanding of the transactions.

72. Defendant attorneys failed to properly counsel and advise Plaintiffs that their loans were high risk and unsecured and Defendant's clients/borrowers had less than stable credit and means of repayment.

73. Defendant Attorneys failed to advise and explain to Plaintiffs that they had no security or guarantee of repayment with regard to the loans.

74. Defendant attorneys drafted certain loan documents which Plaintiffs read and reasonably relied upon in their belief that said documents conferred upon them certain protections, security interests and guarantees of repayment.

75. Defendant attorneys have deviated from accepted professional standards of care, and carelessly and negligently violated their professional duties to Plaintiffs, through Defendants' acts and omissions.

76. As a direct and proximate result of Defendant attorneys' negligent and careless conduct, Plaintiffs have suffered economic losses and consequential damages incurred significant legal fees and costs and sustained other losses.

WHEREFORE, Plaintiffs hereby demand judgment for damages against Defendants David Lehman, Esquire, Richard Hoy and Associates, LLP and/or David Lehman & Associates individually, jointly, severally or in the alternative, together with legal fees, litigation costs and interest in an amount in excess of $50,000.

## COUNT IV
## CONVERSION

77. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

Case ID: 110301034

78.  Defendants knowingly and intentionally misrepresented to Plaintiffs and the distressed homeowners that they would arrange for the payment of mortgages, taxes and other property related bills from the mortgage proceeds obtained in Plaintiffs names, for the subject properties.

79.  Defendants by their representations were bound to disburse funds, make payments and deliver monies immediately upon their due date.

80.  Defendants instead retained sale and escrow proceeds which were funded with mortgage proceeds in Plaintiffs' names.

81.  Defendants unlawfully, wrongfully and fraudulently exercised dominion and control over the property of Plaintiffs and/or the distressed homeowners and Defendants failed or refused to repay same and have failed to comply with the mortgage rescue program terms.

82.  Through Defendants' actions, Plaintiffs have been deprived of the beneficial use of their property and have caused to incur more substantial debt than that actually required.

83.  Defendants have committed, among others, the common law tort of conversion.

WHEREFORE, Plaintiffs hereby demand judgment for damages against Defendants David Lehman, Esquire, Richard Hoy and Associates, LLP and/or David Lehman & Associates Individually, jointly, severally or in the alternative, together with legal fees, litigation costs and interest in an amount in excess of $50,000.

### COUNT V
### CIVIL CONSPIRACY

84.  Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

Case ID: 110301034

85. More than one of the Defendants named herein acted maliciously to injure the Plaintiffs and others, without reasonable or lawful cause or excuse, resulting in harm to the Plaintiffs and others. The combined acts of the Defendants rise to a level of tortious nature.

86. Defendants conspired to defraud Plaintiffs of money for the Defendants' own respective benefits and profits, with reckless disregard for the adverse effect of their actions upon Plaintiffs, who were their clients and to whom they owed legal and fiduciary responsibilities as well as Defendants' other clients who become the borrowers in Defendants' financial scheme.

87. As a result of the conspiracy, Plaintiffs have been damaged and are entitled to compensatory damages in an amount to be determined at trial together with punitive damages in excess of one million dollars.

WHEREFORE, Plaintiffs hereby demand judgment for compensatory and punitive damages against Defendants David Lehman, Esquire, Richard Hoy and Associates, LLP and/or David Lehman & Associates individually, jointly, severally or in the alternative, together with legal fees, litigation costs and interest in an amount in excess of $50,000.

Dated: ·:[ \·, \ \ \

Respectfully submitted,

By: _____
Andrew M. Smith, Esquire
SMITH MARCINO & BOWMAN
208 N. Easton Road
Willow Grove, PA 19090
Tel: (215) 784-1777
Fax: (215) 784-1772
Email: Asmith@SMBlawyers.com
Counsel for Plaintiffs

Case ID: 110301034

## VERIFICATION

I, Enrico DiSandro, am a named Plaintiff in the foregoing complaint and I certify that the allegations contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that any false statements contained in these responses are made subject to the penalties of 18 Pa.C.S., Section 4904, relating to unsworn falsification to authorities.

_____
Enrico Disandro

Dated:

Case ID: 110301034